UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                                   DECISION AND ORDER

                                                                                   05-CR-6068L
                                                                                   12-CV-6659L
                         v.

GLENN HARPER,

                                Defendant.
───────────────────────────────────────────────

       Defendant Glenn Harper ("Harper") was convicted after trial of being a previously convicted felon in possession of a firearm. The jury returned a guilty verdict on January 30, 2009 and, a few months later, on June 5, 2009, the Court sentenced Harper principally to a term of 327 months, based on his extremely lengthy and violent criminal record which resulted in his being deemed a Career Offender facing a mandatory minimum term of 180 months and a United States Sentencing Guideline range of 294 to 365 months. Harper appealed the conviction raising a spate of issues but the Second Circuit affirmed the judgment on May 5, 2011. *See United States v. Harper,* 421 Fed. Appx. 108 (2d Cir.) *cert. denied,* 132 S. Ct. 834 (2011) (2d Cir. Decision is attached to the Government's Response [Dkt. #228] as Ex. 1).

       Thereafter, Harper filed the pending motion to vacate the judgment and sentence, *pro se,* pursuant to 28 U.S.C. § 2255. He raises several matters which he claims constitutes ineffective assistance of counsel and he also claims that there was an altered transcript of the *voir dire* proceedings at his trial.

DISCUSSION

Whether considered separately or together, Harper has failed to demonstrate any constitutional violation and, therefore, his motion must be and hereby is, in all respects denied.

First of all, Harper faces a heavy burden of establishing ineffective assistance of counsel under the standards established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). One like Harper challenging his counsel's performance faces a "difficult two-part test." *DeLuca v. Lords,* 77 F.3d 578, 584 (2d Cir. 1996). Harper must demonstrate that his counsel's performance was deficient, not measured against Harper's view of matters, but against an objective standard of reasonableness and, also, Harper must prove that his counsel's performance was prejudicial to his case, that is, that there is a "reasonable probability" that but for counsel's performance, the outcome of the proceedings would have been different. Harper cannot establish either prong of the required test.

There is, of course, a "strong presumption" that defense counsel's conduct and performance falls within the broad range of reasonable assistance. As the Government points out in its Response (Dkt. #228), it is all too easy and convenient for one convicted after trial, which conviction has been affirmed on appeal, to raise a laundry list of matters that his lawyer did or failed to do. Such is the case here.

It is also clear that Harper cannot demonstrate that there is a "reasonable probability" of a different outcome of his trial relative to any of the matters that he has raised in this motion. As the Government notes, the evidence against Harper was very strong. The firearm at issue, and others, were found in a room utilized by Harper, damaging admissions were made by him which indicated, circumstantially, his familiarity and awareness of the burglary during which one of the weapons was stolen and, of course, his own brother, Joseph Harper, testified placing the firearms in the defendant's bedroom.

Although Harper raises several matters that he takes exception to, he fails to note the many significant things Harper's attorney did for him. Joseph Damelio, Esq. is a very experienced

criminal trial lawyer who had on a previous occasion represented Harper. He was a strong advocate for Harper. Motions were filed and the attorney vigorously examined witnesses during the trial and made several appropriate motions. This attorney, of course, was not Harper's first attorney in this case, but his third. One of the lawyers previously appointed was allowed to withdraw after Harper physically beat him in the jail during an attorney visit.[1]

Several items that Harper now raises should not be considered at all since they were matters that could have been raised on direct appeal. Harper certainly raised several issues on direct appeal and there is no reason why many of the issues raised here, such as the denial of a speedy trial and the alleged problem with the *voir dire* transcript, which had been prepared many months prior to the appeal submissions, could not have been raised on direct appeal.

Harper also makes a claim, styled as an ineffective assistance that his lawyer should have objected to the Court's reference to his race during *voir dire*. This could also have been raised on direct appeal but, nevertheless, the claim is frivolous. The Court simply emphasized to the jurors that the defendant's ethnic background, race or gender should play no part in the jury's decision on the case. That admonition, designed to benefit the defendant, and protect him from any adverse inference warrants little further comment.

Other matters concerning the *voir dire* also require little comment. The Court did discuss with a juror during *voir dire* issues relating to a burglary which apparently had been suffered by the juror and did so to make sure the juror would not be unduly influenced in Harper's case should there be evidence concerning a burglary.

Harper broadly claims his counsel should have objected to the peremptory challenge by the Government of some jurors but provides no specifics as to which jurors, their race or any other circumstances that would reasonably suggest that an attorney had a basis to raise any type of *Batson*

---

[1] Such conduct by Harper was rampant throughout pretrial proceedings which resulted in contempt findings and additional consecutive jail sentences for Harper's contemptuous behavior.

challenge. Simply reciting a reference to *Batson* provides no grounds to question his lawyer's activities.

Harper also chides his lawyer for certain matters which can only be described as trial tactics. Many of the decisions allegedly made by counsel constitute sound trial strategy and do not come close to constituting ineffective assistance. Harper claims that Kenneth Harper, his father, should have been called as a witness but there is no proof or evidence as to what that testimony would have been, how it might have been exculpatory and whether it would have withstood vigorous cross examination by the Government. This involves classic strategic trial decisions by counsel.

The suggestion that his counsel acted in a deficient manner by not moving to preclude the testimony of Harper's brother, Joseph Harper, Jr., is without merit. Based on the testimony given by the witness, it is clear that he had relevant testimony to provide relative to Harper and the location of the firearms in question. This witness had apparently had a stormy relationship with the defendant, his brother, and much of that was brought out at trial during cross examination. The jury was able to assess the background in determining the credibility of the witness. The fact that Harper was unhappy that his brother testified is of no moment since he did provide relevant and probative evidence.

Harper also claims that he was "represented" in some fashion by an attorney with a conflict, Christopher Ciaccio. As the Government points out, though, Ciaccio never in fact represented Harper. He is referenced on the docket sheet but only because he was appointed to represent a potential witness, Gladys Harper, the defendant's mother, should she be called as a trial witness. As it happened, she was never called by the Government but the record is clear that attorney Ciaccio never had any role representing the defendant.[2]

---

[2] Subsequent to Harper's motion and the Government's Response, Harper filed papers seeking to supplement his original 2255 motion (Dkt. #233). Harper claims that the United States Supreme Decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013) requires Harper's sentence to be reduced to 180 months rather than the 327 that he received. The *Alleyne* decision stands for no such proposition. Defendant was charged and convicted of an offense which requires a mandatory minimum of 15 years imprisonment. Harper's sentence in excess of that is not based on any statutory minimum or maximum but on the Sentencing Guidelines which, of course, were impacted by
(continued...)

CONCLUSION

Defendant Glenn Harper's motion (Dkt. #224) to vacate the Judgment and Conviction is in all respects denied for the reasons stated above. Harper has failed to demonstrate any entitlement to relief and has failed to demonstrate that his conviction was obtained in violation of the Constitution.

I decline to issue a certificate of appealability because Harper has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　　January 22, 2014.

---

²(...continued)
Harper's extremely lengthy criminal history which resulted in his being classified as a Career Offender.